UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY JUNIOR SOLARTE TREJO, | ) |
|                 Petitioner, | ) ) ) |
|                 v. | )    No. 2:26-cv-00029-JRS-MG |
| BRISON SWEARINGEN in his official capacity as Sheriff of the Clay County Justice Center, *et al.*, | ) ) ) |
|                 Respondents. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Larry Junior Solarte Trejo seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement (ICE) detention. Because the undisputed facts demonstrate that Mr. Solarte Trejo is eligible for bond, the Court grants his petition by directing that he be afforded a bond hearing or be released from detention.

### I. Background

The material facts are undisputed.

Mr. Solarte Trejo, a Venezuelan national, entered the United States in 2022 near Eagle Pass, Texas. He did not present for inspection at a port of entry. Border Patrol agents apprehended Mr. Solarte Trejo within days of his entry and notified him that he must appear for a removal proceeding. Rather than detain Mr. Solarte Trejo for the pendency of those proceedings, the government released him on his own recognizance pursuant to 8 U.S.C. § 1226. *See* dkt. 6-1 at 1–3 (notice to appear); dkt. 6-1 at 8 (record of previous immigration activity); dkt. 10-2 (order of release on recognizance).

On December 5, 2025, ICE officers and FBI agents arrested Mr. Solarte Trejo outside his apartment. Dkt. 6-1 at 7. He is now detained at the Clay County Justice Center at ICE's direction. He has not requested or received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Solarte Trejo argues that his continued detention without a bond hearing violates the Fifth Amendment, the Immigration and Naturalization Act (INA), and associated regulations. He asks the Court to order that he be released immediately. The respondents answer that the INA not only allows but requires Mr. Solarte Trejo to be detained without bond; that this Court lacks jurisdiction over the government's decision to withhold bond; that his petition is premature because he has not exhausted available administrative remedies; and that, if Mr. Solarte Trejo is entitled to any relief, he is entitled to at most a bond hearing.

The Court finds that Mr. Solarte Trejo's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. The Court further finds that this relief is not barred by Mr. Solarte Trejo's decision to proceed to this Court before pursuing additional administrative relief. On this basis, the Court grants Mr. Solarte Trejo's petition in part and denies it in part.

### A. Detention Authority and Bond Eligibility

Mr. Solarte Trejo argues that circumstances preceding his arrest and detention dictate that his detention may only be authorized by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

        (B) conditional parole[.]

The respondents answer that Mr. Solarte Trejo's detention is not only authorized but required by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Solarte Trejo has not been admitted to the United States by immigration officials, and because he opposes his removal, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 10 at 6–8. This position is untenable for two reasons.

    First, the respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, at *3-6, dkt. 16 at 5-13 (S.D. Ind. Dec. 30, 2025); *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who

3

have lived in the interior of the United States for years."). "As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Perez Reyes*, 2025 WL 3755928, at *3 (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1]

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Solarte Trejo. It is not as though Mr. Solarte Trejo entered the United States without detection in 2022 and then dodged immigration authorities for three years. Border Patrol agents apprehended Mr. Solarte Trejo within days of his entry and released him on his own recognizance. The order releasing Mr. Solarte Trejo on his own recognizance documents that his release was authorized by § 1226(a): "In accordance with section 236 of the [INA]"—codified at 8 U.S.C. § 1226—"and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 6 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

comply with the following conditions." Dkt. 10-2.[2] The government determined and documented that Mr. Solarte Trejo was eligible for release under § 1226, not subject to mandatory detention under § 1225—and that was three years ago, only days after his entry, near the border, and when he was already in custody.

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government acted under § 1226 when it exercised its discretion to release Mr. Solarte Trejo on his own recognizance. It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

---

[2] The respondents state that Mr. Solarte Trejo's supervision order was later terminated "because he was deemed an absconder." Dkt. 6 at 5; dkt. 6-1 at 8. However, the respondents have not filed the documents terminating his supervision. In any event, there is no indication that Mr. Solarte Trejo was taken into custody upon termination of his supervision order (as would be expected if his detention was indeed mandatory), and the respondents do not explain how termination of supervision influences the § 1225-§1226 analysis in this case.

5

By detaining Mr. Solarte Trejo and deeming him categorically ineligible for consideration of bond, the government has kept him in custody in violation of the INA. As a result, he is entitled to a writ of habeas corpus.

**B.      Jurisdiction Under § 1226(e)**

The respondents also argue that, even if Mr. Solarte Trejo's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over his claim. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. She has not rendered any judgment at all. She has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Mr. Solarte Trejo requested bond, an immigration judge denied his request after considering the merits, and he petitioned this Court for a different result. But there is no record that Mr. Solarte Trejo has appeared before an immigration judge. The government has not made a discretionary decision to detain him. It insists that it has no discretion. Section 1226(e) does not apply to this case.

**C.      Relief Available**

Mr. Solarte Trejo asks the Court to order his immediate release. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Solarte Trejo maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Solarte Trejo's custody is not unlawful because of the very fact that he is detained.

Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires. He is entitled to a bond hearing and whatever relief is granted after his request is considered on the merits.

### D. Exhaustion of Administrative Remedies

Finally, the respondents argue that Mr. Solarte Trejo's claims are premature because he has not exhausted every remedy available through the immigration system. More specifically, he has not formally requested a bond hearing by an immigration judge, appealed an unfavorable ruling to the Board of Immigration Appeals, or appealed an unfavorable decision by that body to the Seventh Circuit. Dkt. 6 at 6–7. Mr. Solarte Trejo argues that exhaustion is not required by the law in this context and that any attempt to exhaust administrative remedies would be futile. He specifically cites guidance from the Chief Immigration Judge that all immigration judges are bound by a BIA decision reaching exactly the conclusion this Court rejected above—that all noncitizens in Mr. Solarte Trejo's position are subject to mandatory detention under § 1225(b)(2) and that immigration judges therefore lack jurisdiction to consider bond under § 1226(a). Dkt. 10 at 2–4.

The respondents do not cite a statute requiring Mr. Solarte Trejo to request bond from an immigration judge or proceed to the BIA before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The

7

Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citation omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2–3, 6–9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Solarte Trejo was not required to exhaust administrative remedies because doing so would be futile.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Solarte Trejo has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Mr. Solarte Trejo be immediately released. The **clerk is directed** to enter **final judgment**.

    **IT IS SO ORDERED.**

Date: 2/4/2026

                                                JAMES R. SWEENEY II, CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov